JOHN L. BURRIS ESQ., SBN 69888
BENJAMIN NISENBAUM, ESQ., SBN 222173
JAMES COOK, ESQ., SBN 300212
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com
bnisenbaum@hotmail.com
james.cook@johnburrislaw.com

Attorneys for PLAINTIFF,
MICHAEL KLIMENT

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL KLIMENT as co-successors-in-interest for Decedent, CHRISTOPHER PAUL KLIMENT,<br><br>Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; WILLIAM SCOTT in his individual and official capacity as CHIEF OF SAN FRANCISCO POLICE DEPARTMENT; CPMC-MISSION BERNAL CAMPUS HOSPITAL; DR. NEHA KIRIT AMIN in his individual and official capacity as medical doctor for CPMC-MISSION BERNAL CAMPUS; and DOES 1-50, inclusive, individually, jointly and severally,<br><br>Defendants. | CASE NO.:<br><br>**COMPLAINT FOR DAMAGES**<br>(42 U.S.C. Section 1983 and pendent tort claims)<br><br>JURY TRIAL DEMANDED |

## INTRODUCTION

1. This is an action for damages brought pursuant to Title 42 U.S.C. §§ 1983 and 1988, and the Fourth Amendment to the United States Constitution, under California Civil Code Section § 52.1, and under the common law of California. It is alleged that these violations and torts were committed during the course and scope of the above-mentioned law enforcement officers' employment with the aforementioned government agencies and DOES 1-50.

**JURISDICTION AND VENUE**

2. This action arises under Title 42 of the United States Code, § 1983. Title 28 of the United States Code, §§ 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in California, which is within the judicial district of this Court. This Court also has supplemental jurisdiction over Plaintiff's state law causes of action under 28 U.S.C. § 1367.  Supplemental Jurisdiction of this court is invoked pursuant to 28 U.S.C. § 1367 over the State law claims which are so related to federal claims in the action that they form part of the same case or controversy under Article III of the Constitution of the United States of America. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants are believed to reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

**PARTIES**

3. Decedent CHRISTOPHER PAUL KLIMENT (hereinafter "KLIMENT"), was an individual residing in the State of California.  KLIMENT was unmarried at the time of his death and died intestate.

4. Plaintiff MICHAEL KLIMENT (hereinafter "MICHAEL KLIMENT" or "PLAINTIFF") has been and is a resident of California and is a United States Citizen. MICHAEL KLIMENT is the biological father of CHRISTOPHER PUAL KLIMENT. MICHAEL KLIMENT is

a co-successor-in-interest to decedent, KLIMENT.

5. Defendant CITY AND COUNTY OF SAN FRANCISCO (hereinafter "COUNTY") is an incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant County has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the COUNTY Sheriff's Department and its tactics, methods, practices, customs and usage. At all relevant times, Defendant COUNTY was the employer of DOE Defendants.

6. Defendant WILLIAM SCOTT (hereinafter "SCOTT") in his individual and official capacity Chief of Police for the COUNTY.

7. Defendant CALIFORNIA PACIFIC MEDICAL CENTER MISSION BERNAL CAMPUS HOSPITAL (hereinafter "CMBC Hospital") is a medical center and an affiliate of Sutter Health's Medical Network, headquartered in Sacramento, California.

8. Defendant DR. NEHA KIRIT AMIN (hereinafter "Dr. AMIN") in his individual and official capacity as a medical doctor for the CPMC-MISSION BERNAL CAMPUS.

9. PLAINTIFF is ignorant of the true names and capacities of Defendants DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. PLAINTIFF is informed and believes and thereon alleges that each defendant so named is responsible in some manner for the injuries and damages sustained by PLAINTIFF as set forth herein. PLAINTIFF will amend his complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained.

**ADMINISTRATIVE PREREQUISITES**

10. Plaintiff is required to comply with an administrative tort claim requirement under California Government Code Section 910. Plaintiff submitted a claim under the CA Tort Claims Act

on June 4, 2019. The Tort Claim was rejected on September 17, 2019.  Plaintiff has exhausted all administrative remedies pursuant to California law.

## FACTUAL ALLEGATIONS

11. The incident took place on January 5, 2019 at approximately 11:40 p.m.  The location of the incident was CPMC Mission Bernal Campus (CMBC) Hospital.  The hospital is located at 3555 Ceasar Chavez, San Francisco, CA 94110.

12. On the date of the incident, Christopher Kliment fell ill. He went to CMBC Hospital and requested to be checked out for "body aches". The staff admitted Kliment at approximately 7:00 p.m.  Later, Dr. Neha Kirit Amin interviewed Mr. Kliment.  Dr. Amin noted abnormal vital signs on pages 6- 10 of the CMBC medical record. [1] Those vital signs were as follows:

- Blood Pressure (1) 150/106
- Pulse 69
- Heart Rate 112
- Respiratory Rate 20
- Temp 36.9 Celsius/98.5 Fahrenheit
- Dr. Amin also noted that Kliment was hyperactive and a drug user. [2]

13. Despite Kliment's elevated blood pressure, Tachycardia, elevated electrolytes, and admitted drug use, Dr. Amin did not perform an EKG.  Hospital staff discharged Kliment at 11:00 p.m. In the meantime, Kliment sat in the hospital waiting for a homeless shelter bed assignment.  At some point, three San Francisco Police Department (SFPD) officers arrived. After brief questioning, SFPD officers handcuffed Kliment.  The officers then threw Mr. Kliment on the ground face-first.  They pinned his face to the floor (right side down).  Approximately six additional officers arrived.  The newly arriving officers assisted with "hog-tying" Kliment.  The officers restrained Kliment by restraining his hands and feet together behind his back.  Then they placed him face down on the

---

[1] Sutter Health Medical Record (January 5, 2019), pages 6 -10.

[2] Sutter Health Medical Record (January 5, 2019), page 7.

ground. They carried him out of the emergency area in the hog-tied and prone position. Shortly thereafter, the officers noticed that Mr. Kliment was not moving or breathing. CMBC staff immediately readmitted Kliment in critical condition. Staff began life-saving measures to address cardiac arrest.

14. As a result, Kliment had another heart attack January 6, 2019. At 6:30 p.m., the next day, doctors noted "brainstem herniation" and no pulse.[3] Mr. Kliment died at 7:19 p.m. on January 7, 2019. Mr. Kliment is survived by his father Michael Kliment.

**FIRST CAUSE OF ACTION**
**(42 U.S.C. section 1983)**
**(Excessive Force)**
**(Against Defendants COUNTY and SCOTT)**

15. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 13 of this Complaint.

16. The plaintiff brings his federal claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

17. SFPD OFFICERS demonstrated use of excessive force when they threw KLIMENT on the ground and approximately eight officers assisting with "hog-tying" him face down. SFPD OFFICERS violent conduct was clearly excessive since their actions caused KLIMENT to suffer a second heart attack. CMBC medical records note that officers restricted KLIMENTS's airway, causing cardiac arrest. At no time did KLIMENT pose a threat to the public. The detention and physically restraint were therefore unnecessary and excessive.

18. As a result, defendants are liable under section 1983.

.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth

## SECOND CAUSE OF ACTION
### (42 U.S.C. section 1983 – Search)
### (Against SCOTT, COUNTY, and DOES 1-50)

19. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 18 of this Complaint.

20. Defendants shall be liable to an injured party whose rights are violated under the Fourth Amendment.  Under the Fourth Amendment to the United States Constitution, citizens have the right to be free from unreasonable searches and seizures.

21. SFPD OFFICERS lacked the requisite reasonable suspicion to detain Mr. KLIMENT. SFPD OFFICERS hog-tied KLIMENT in a restraint without a reasonable suspicion of a crime.

22. As a result, defendants are liable for unlawful detention under section 1983.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## THIRD CAUSE OF ACTION
### (42 U.S.C. section 1983 – Unlawful Seizure and Detention)
### (Against SCOTT, COUNTY, and DOES 1-50)

23. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 22 of this Complaint.

24. Defendants shall be liable, when acting under color of law, to an injured party whose rights are violated under the Fourth Amendment with respect to unlawful seizures.

25. When Defendants SFPD OFFICERS hog-tied KLIMENT they lacked the requisite probable cause to detain him.

26. As a result, defendants are liable for unlawful detention under section 1983.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## FOURTH CAUSE OF ACTION
### (42 U.S.C. section 1983 – Excessive Force)

**(Against SCOTT, COUNTY, and DOES 1-50)**

27. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 26 of this Complaint.

28. Defendants shall be liable, when acting under color of law, to an injured party when excessive force is used to effectuate a constitutionally invalid search, detention, seizure, or arrest.

29. SFPD OFFICERS excessive force by hog-tying KLIMENT in order to effectuate a Constitutionally invalid search, detention, and seizure.

30. As a result, defendants are liable for excessive force under section 1983.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

**FIFTH CAUSE OF ACTION**
**(*Monell* - 42 U.S.C. Section 1983)**
**(Against SCOTT, COUNTY, and DOES 1-50)**

31. PLAINTIFF hereby re-alleges and incorporates by reference herein paragraphs 1 through 25 of this Complaint.

32. Plaintiff is informed and believes and thereon alleges that the aforementioned law enforcement agencies and governments' policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicted the injury that the government as an entity is responsible for under § 1983. Governmental entities are liable for monetary, declaratory, or injunctive relief where an action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or officially ratified or adopted decision.  Local governmental entities also can be sued for constitutional deprivations visited pursuant to governmental policies or customs.  Entity liability arises when the agency directs the deprivation of federal rights through an express government policy.  Liability is also triggered by a custom or practice so widespread in usage as to constitute the "functional equivalent" of an express

policy. A policy of action is one in which the government body itself violates someone's constitutional rights, or instructs its employees to do so.  A policy of inaction is based on a government body's 'failure to implement procedural safeguards to prevent constitutional violations. The deliberate indifference requirement applies to claims involving allegations of constitutional deprivations resulting from governmental inaction or omission, such as a failure to adequately train. (Monell v. Dept. of Social Services of New York (1978) 436 U.S.658, 694 [98 S.Ct. 2018, 56 L.Ed.2d 611].)

33. Regarding the defendant entity, there are prior cases and incidents which demonstrate a pattern or practice amounting to a policy of promoting or ratifying similar Constitutional deprivations.  Consider some other bullshit y'all did:  In a recent article…blah blah

34. As a result, defendants are liable under Monell.

WHEREFORE, PLAINTIFF pray for relief as hereinafter set forth.

### SIXTH CAUSE OF ACTION
### (42 U.S.C. § 1983 - Wrongful Death)
### (Against All Defendants)

35. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 34 of this Complaint.

36. As set forth above, PLAINTIFF's were subjected to deprivation of rights by Defendants acting under color of law of the United States and State of California and of the City and County of SAN FRANCISCO, which rights include, but are not limited to, privileges and immunities secured to Plaintiff by the Constitution and laws of the United States. By reason of the aforementioned acts, Defendants conduct violated Mr. KLIMENT'S constitutional rights and liberty interests, including those provided in the Fourteenth Amendment to the U.S. Constitution. and of each PLAINTIFF, as those which are protected under the Fourteenth Amendment's prohibition

against depriving a person of a right to familial relationships without due process of law.

37. As a result of DEFENDANTS' deliberate indifference, KLIMENT was deprived of necessary medical intervention, care and treatment. Dr. AMIR contributed to causing Mr. KLIMENT's wrongful by discharging him without having done an EKG and other medical protocols. SFPD OFFICERS' violently restrained Plaintiff leading to his death.

38. As a result, defendants are liable for wrongful death.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### SEVENTH CAUSE OF ACTION
### (42 U.S.C. § 1983 – Survival Action)
### (Against All Defendants)

39. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 38 of this Complaint.

40. Defendants were deliberately indifferent to KILMET'S well-being, thereby depriving him of certain constitutionally protected rights, including, not limited to the right to due process of law, as guaranteed by the Fourteenth Amendments to the United States Constitution.

41. Dr. AMIR committed medical negligence by discharging KLIMENT without providing for an EKG and other medical protocols. SFPD OFFICERS used excessive force when they hog-tied Mr. KLIMENT. Both of these actions led to KLIMENT's wrongful death.

42. As a result, plaintiff may assert a survival action against defendants.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

### EIGHTH CAUSE OF ACTION
### (Violation of the Due Process Clause 14th Amendment)
### (Deliberate Indifference to Medical Needs)
### (Against All Defendants)

43. Plaintiff hereby re-alleges and incorporates by reference herein paragraphs 1 through 42 of this Complaint.

44. Defendants' acts and omissions deprived the plaintiff of rights under the Fourteenth Amendment. Under the Fourteenth Amendment, a citizen, prisoner, suspect, or pretrial detainee has the right to be free from "cruel and unusual punishments." This includes the right to proper medical care. Defendants deprived plaintiff of Constitutional rights despite the fact that plaintiff faced a serious medical need. Defendants were deliberately indifferent to those medical needs and disregarded those needs by failing to take reasonable measures to address. Defendants' acts and omissions caused harm to plaintiff. Pretrial detainees' claims related to inadequate medical care brought against individual defendants under the Fourteenth Amendment must be evaluated under an objective deliberate indifference standard.

45. Dr. AMIN nonetheless discharged him from CMBC HOSPITAL without an EKG or other proper protocol. SFPD Officers used excessive force against KLIMETN while he had a heart attack. The officers' conduct caused him to have a second heart attack.

46. As a result, defendants are liable for 14th Amendment violations.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

### NINTH CAUSE OF ACTION
**(Bane Act - Civil Code § 52.1)**
**(Against All Defendants)**

47. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 46 of this Complaint.

48. Civil Code Section 52.1, the Bane Civil Rights Act, authorizes suit against anyone who by threats, intimidation, or coercion interferes with the exercise or enjoyment of rights secured by the state or federal Constitutions or laws without regard to whether the victim is a member of a protected class. Civil Code section 52(a) provides for damages up to three times actual damages but a minimum of $4,000 for each violation.

49. SFPD OFFICERS hog-tied Mr. KLIMENT. Their conduct violated his constitutional

right to be free from unreasonable seizures. Dr. AMIN was deliberately indifferent to KLIMENTS medical needs when he prematurely discharged him from CMBC Hospital. Both defendant's conduct were substantial factors that caused Mr. KLIMENTS' wrongful death.

50. As a result, defendants are liable for BANE ACT violations.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## TENTH CAUSE OF ACTION
### (Assault/Battery)
### (Against SCOTT, COUNTY, and DOES 1-50)

51. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 50 of this Complaint.

52. Defendants acted with intent to cause harmful or offensive contact, or threatened to touch plaintiff in a harmful or offensive manner. The plaintiff or decedent reasonably believed she was about to be touched in a harmful or offensive manner. Moreover, it reasonably appeared to plaintiff that defendants were about to carry out the threat. Plaintiff or decedent did not consent to defendants' harmful contact. Battery occurred when defendants actually made harm contact with and harmed the plaintiff or decedent. Defendants' conduct was a substantial factor in causing plaintiff or decedent's harm.

53. OFFICERS' conduct created fear in Mr. KLIMENT's mind that he was going to be harmed. OFFICERS had the immediate ability to carry out actual harm to KLIMENT. The officers did actually hog-tie KLIMENT, which resulted in his death.

54. As a result, defendants are liable for assault and battery.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## ELEVENTH CAUSE OF ACTION
### (Negligence)
### (Against All Defendants)

55. PLAINTIFF hereby re-alleges and incorporates by reference herein paragraphs 1

through 54 of this Complaint.

56. An individual is liable for injuries caused by failure to exercise reasonable care in the circumstances. A cause of action for negligence arises when there is a legal duty to use due care. There is a breach of the legal duty and the breach is the proximate or legal cause of the resulting injury.

57. Dr. AMIN acted negligently when he failed to adequately provide KLIMENT with medical care. Despite abnormal lab tests results, AMIN discharged him without further evaluations such as an EKG. SFPD OFFICERS use of excessive force caused KLIMENT to suffer a second heart attack.

58. As a result, defendants are liable for negligence.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

### TWELFTH CAUSE OF ACTION
**(Intentional Infliction of Emotional Distress)**
**(Against All Defendants)**

59. Plaintiff re-alleges and incorporates by reference paragraphs 1 through 58 of this Complaint.

60. Defendants' conduct constituted reckless disregard of the probability of causing, emotional distress.  Plaintiff suffered severe or extreme emotional distress.  Defendant's conduct was the actual and proximate cause of the emotional distress suffered by plaintiff.  A defendant's conduct is 'outrageous' when it is so extreme as to exceed all bounds of that usually tolerated in a civilized community. In engaging in the above-described conduct, Defendants intentionally ignored or recklessly disregarded the foreseeable risk that Plaintiff would suffer extreme physical injuries, and emotional distress as a result of Defendants' conduct.

61. SFPD OFFICERS demonstrated extreme and outrageous conduct when they hog-tied

KLIMENT and carried him through the hospital into an ambulance bay. It is beyond the bounds of decency in society to restrain someone by hog-tying. It is clear that Mr. KLIMENT suffered extreme emotional distress since the actions of the OFFICERS caused him to have a heart attack.

62. As a result, defendants are liable for intentional infliction of emotional distress.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### THIRTEENTH CAUSE OF ACTION
**(Medical Negligence)**
**(Against CPMC-MISSION BERNAL CAMPUS, DR. AMIN, and DOES 1-50 inclusive)**

63. PLAINTIFF hereby re-alleges and incorporates by reference herein paragraphs 1 through 62 of this Complaint.

64. Defendants failed to exercise that degree of skill and knowledge ordinarily possessed and exercised by others in the same profession and in the same locality as Defendants for the benefit of their patient.

65. Dr. AMIR committed medical negligence by discharging KLIMENT without having done an EKG and completed other medical protocols.

66. As a direct, AMIR AND CBMC are liable for medical negligence.

WHEREFORE, Plaintiff prays for relief as hereinafter set forth.

### FOURTEENTH CAUSE OF ACTION
**(Violation of California Government Code § 845.6)**
**(Against Defendants SCOTT and COUNTY)**

67. PLAINTIFF hereby re-alleges and incorporates by reference herein paragraphs 1 through 66 of this Complaint.

68. Defendants knew or should have known the reckless treatment they subjected KLIMENT to left him at substantial risk for harm.  Each such individual defendant, employed by and acting within the course and scope of his/her employment with Defendant COUNTY, knowing and/or having reason to know this, failed to take reasonable action to summon and/or provide

KLIMENT access to such care and treatment in violation of California Government Code § 845.6.

69. Dr. Amin was acting within the scope of her employment as a physician when she recklessly discharged KLIMENT. AMIR placed him at substantial risk of harm by not following proper protocols considering KLIMENT'S vital signs. AMIR should have known that KLIMENT was suffering from a heart attack, yet she released him without proper treatment.

70. As a result, defendants are liable for 845.6 violations.

WHEREFORE, PLAINTIFF prays for relief as hereinafter set forth.

### JURY DEMAND

PLAINTIFF hereby demands a jury trial in this action.

### PRAYER

WHEREFORE, PLAINTIFF prays for relief, as follows:

1. For general damages in a sum according to proof;

2. For special damages in a sum according to proof;

3. For punitive damages in a sum according to proof;

4. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;

5. For injunctive relief as the court deems appropriate including that the policies of Defendant City and County for policy or policies relevant to authorizing, allowing, or ratifying the practice of use of force against the homeless and infirmed;

6. For cost of suit herein incurred; and

7. For such other and further relief as the Court deems just and proper.

**LAW OFFICES OF JOHN L. BURRIS**

Dated: May 13, 2020               /s/ *John L. Burris*
                                   John L. Burris, Esq.

Ben Nisenbaum, Esq.
James Cook, Esq.
Attorneys for Plaintiff
MICHAEL KLIMENT