UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **MICHAEL KLIMENT,**<br>Plaintiff,<br>vs.<br>**CITY AND COUNTY OF SAN FRANCISCO,**<br>Defendant. | CASE NO. 20-cv-03257-YGR<br><br>**ORDER GRANTING MOTION TO DISMISS WITH LEAVE TO AMEND**<br>Re: Dkt. No. 12 |

Plaintiff Michael Kliment, as co-successor-in-interest for decedent Christopher Paul Kliment, brings this action against defendant City and County of San Francisco arising out of events leading up to decedent's death on January 7, 2019. Now before the Court is defendants' motion to dismiss plaintiff's first cause of action for excessive force on the related grounds that (i) plaintiff failed to submit the required documentation and to allege sufficient facts to assert a survival action, and (ii) plaintiff failed to join a necessary party, that is, a co-successor-in-interest.

California law requires a party purporting to act as a decedent's successor-in-interest (i.e., bringing a survival action) to demonstrate that he or she is authorized to do so. Specifically, under California Code of Civil Procedure section 377.32, the claimed successor-in-interest must file an affidavit or declaration establishing the basis for such designation and must provide a certified copy of the decedent's death certificate. Plaintiff does not dispute that he failed to comply with section 377.32 upon filing of his complaint. However, in arguing that he has standing to bring this case, plaintiff points to two declarations attached to his opposition brief: one from him, stating that he is the adoptive father of the decedent, and another from Linda Kliment, stating that she is the adoptive mother of the decedent. Plaintiff also seeks leave to amend the complaint to add Ms. Kliment as co-successor-in-interest.

Defendants do not oppose plaintiff's request for leave to amend, and thus, the request is granted. The Court notes, however, that simply adding Ms. Kliment as a party and co-successor-in-interest does not resolve the deficiencies in the complaint relating to plaintiff pursuing this case

as a survival action.  Plaintiff still has not complied with all provisions of section 377.32, which requires the affidavits or declarations from successors-in-interest to include specific information and attach a certified copy of the decedent's death certificate.  Further, the allegation in the complaint that plaintiff is decedent's biological father is inconsistent with the allegation in his declaration that he is decedent's adoptive father.[1]  Any amended complaint must resolve these issues to come into compliance with section 377.32 and properly state a claim.

For the foregoing reasons, defendants' motion to dismiss is **GRANTED WITH LEAVE TO AMEND**.  Any amended complaint must be filed within **twenty-eight (28) days** of issuance of this Order.  No new claims or parties may be added without leave of court or stipulation of the defendants, with the exception of Ms. Kliment as explained herein.[2]  Any response to the amended complaint is due **fourteen (14) days** after plaintiff's filing.  Defendants may not bring any new arguments that could have been raised in this motion.

The Court also sets a case management conference for December 14, 2020 at 2:00 p.m.  The Court anticipates posting a Zoom link for the conference.

This Order terminates Docket Number 12.

**IT IS SO ORDERED.**

Dated: September 30, 2020

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

---

[1] Ms. Kliment's declaration also incorrectly states that she is a party to this action, which she presently is not.

[2] The Court also grants plaintiff's prior request to strike the complaint at Docket Number 1 and replace it with the complaint at Docket Number 7.

2