JOHN L. BURRIS ESQ., SBN 69888
BENJAMIN NISENBAUM, ESQ., SBN 222173
JAMES COOK, ESQ., SBN 300212
**LAW OFFICES OF JOHN L. BURRIS**
Airport Corporate Centre
7677 Oakport Street, Suite 1120
Oakland, California 94621
Telephone: (510) 839-5200
Facsimile: (510) 839-3882
john.burris@johnburrislaw.com
bnisenbaum@hotmail.com
james.cook@johnburrislaw.com

Attorneys for PLAINTIFFS,
MICHAEL KLIMENT and LINDA KLIMENT

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MICHAEL KLIMENT as co-successor-in-interest for Decedent, CHRISTOPHER PAUL KLIMENT; LINDA KLIMENT as co-successor-in-interest for Decedent, CHRISTOPHER PAUL KLIMENT,<br><br>Plaintiff,<br><br>vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; and DOES 1-50, inclusive, individually, jointly and severally,<br><br>Defendants. | CASE NO.: 4:20-cv-03257-YGR<br><br>**FIRST AMENDED COMPLAINT**<br><br><u>JURY TRIAL DEMANDED</u> |

## INTRODUCTION

1. This is an action for damages brought pursuant to Title 42 U.S.C. §§ 1983 and 1988, and the Fourth and Fourteenth Amendments to the United States Constitution. It is alleged that these

violations and torts were committed during the course and scope of the above-mentioned law enforcement officers' employment with the aforementioned government agencies and DOES 1-50.

## JURISDICTION AND VENUE

2.      This action arises under Title 42 of the United States Code, § 1983. Title 28 of the United States Code, §§ 1331 and 1343 confers jurisdiction upon this Court. The unlawful acts and practices alleged herein occurred in California, which is within the judicial district of this Court. This Court also has supplemental jurisdiction over Plaintiff's state law causes of action under 28 U.S.C. § 1367. Venue is proper in this Court under 28 U.S.C. § 1391(b) because Defendants are believed to reside in this district and all incidents, events, and occurrences giving rise to this action occurred in this district.

## PARTIES

3.      Decedent CHRISTOPHER PAUL KLIMENT (hereinafter "KLIMENT"), was an individual residing in the State of California. KLIMENT was unmarried at the time of his death and died intestate.

4.      Plaintiff MICHAEL KLIMENT (hereinafter "MICHAEL KLIMENT" or "PLAINTIFF") has been and is a resident of California and is a United States Citizen. MICHAEL KLIMENT is the adoptive father of CHRISTOPHER PUAL KLIMENT. MICHAEL KLIMENT is a co-successor-in-interest to decedent, KLIMENT.

5.      Plaintiff LINDA KLIMENT (hereinafter "LINDA KLIMENT" or "PLAINTIFF") has been and is a resident of California and is a United States Citizen. LINDA KLIMENT is the adoptive mother of CHRISTOPHER PUAL KLIMENT. LINDA KLIMENT is a co-successor-in-interest to decedent, KLIMENT.

6.      Defendant CITY AND COUNTY OF SAN FRANCISCO (hereinafter "CCSF") is an

incorporated public entity duly authorized and existing as such in and under the laws of the State of California; and at all times herein mentioned, Defendant CCSF has possessed the power and authority to adopt policies and prescribe rules, regulations and practices affecting the operation of the CCSF Police Department and its tactics, methods, practices, customs and usage. At all relevant times, Defendant CCSF was the employer of DOE Defendants.

7. PLAINTIFFS are ignorant of the true names and capacities of Defendants DOES 1 through 50, inclusive, and therefore sues these defendants by such fictitious names. PLAINTIFFS are informed and believe and thereon allege that each defendant so named is responsible in some manner for the injuries and damages sustained by PLAINTIFFS as set forth herein. PLAINTIFFS will amend their complaint to state the names and capacities of DOES 1-50, inclusive, when they have been ascertained[1].

## FACTUAL ALLEGATIONS

8. The incident took place on January 5, 2019 at approximately 11:40 p.m. The location of the incident was CPMC Mission Bernal Campus (CMBC) Hospital. The hospital is located at 3555 Ceasar Chavez, San Francisco, CA 94110.

9. On the date of the incident, Christopher Kliment fell ill. He went to CMBC Hospital and requested to be checked out for "body aches". The staff admitted Kliment at approximately 7:00 p.m. Later, Dr. Neha Kirit Amin interviewed Mr. Kliment. Dr. Amin noted abnormal vital signs on pages 6- 10 of the CMBC medical record. [2] Those vital signs were as follows:

- Blood Pressure (1) 150/106
- Pulse 69
- Heart Rate 112
- Respiratory Rate 20

---

[1] Though Plaintiff's counsel requested the police report pertaining to the subject-incident, Defendant CCSF refused to provide it citing an ongoing open criminal investigation.

[2] Sutter Health Medical Record (January 5, 2019), pages 6 -10.

- Temp 36.9 Celsius/98.5 Fahrenheit
- Dr. Amin also noted that Kliment was hyperactive and a drug user. [3]

10. Hospital staff discharged Kliment at 11:00 p.m. In the meantime, Kliment sat in the hospital waiting for a homeless shelter bed assignment. At some point, three San Francisco Police Department (SFPD) officers arrived. After brief questioning, SFPD defendant officers handcuffed Kliment. The officers then threw Mr. Kliment on the ground face-first. They pinned his face to the floor (right side down). Approximately six additional officers arrived. The newly arriving Defendat officers assisted with "hog-tying" Kliment. The officers restrained Kliment by restraining his hands and feet together behind his back. Then they placed him face down on the ground. They carried him out of the emergency area in the hog-tied and prone position, and conducted an unreasonable compressive prone restraint, interfering with Kliment's ability to breathe. Shortly thereafter, the officers noticed that Mr. Kliment was not moving or breathing. CMBC staff immediately readmitted Kliment in critical condition. Staff began life-saving measures to address his cardiac arrest, however the cardiac arrest caused by asphyxiation caused an anoxic brain injury, leaving Mr. Kliment effectively brain dead.

11. Mr. Kliment was pronounced dead at 7:19 p.m. on January 7, 2019. Mr. Kliment was 31 years old when he died, and is survived by his adoptive parents, Michael Kliment and Linda Kliment.

12. Defendant officers were aware that Mr. Kliment was already suffering from an apparent methamphetamine-related medical emergency when they initially encountered him, and were aware that he was intoxicated and at a higher risk of death during prone restraint, causing the prone restraint to pose a higher risk of death. Mr. Kliment was not resisting in any way that justified the use of such a high level use of force under the circumstance. An autopsy later conducted by the

---

[3] Sutter Health Medical Record (January 5, 2019), page 7.

First Amended Complaint
Kliment v. City and County of San Francisco, et al., Case No.: 4:20-cv-03257-YGR

- 4 -

San Francisco Medical Examiner found that Mr. Kliment died from a combination of methamphetamine intoxication, cannabinoid intoxication, and law enforcement restraint. The medical examiner found significant physical injuries to Mr. Kliment caused by Defendants consistent with compressive prone restraint including: petechial hemorrhage in each eye, and facial injuries including abrasions on both cheeks, the forehead the chin, and the nose.

**FIRST CAUSE OF ACTION**
**(42 U.S.C. section 1983)**
**(Excessive Force)**
**(Against CCSF and DOES 1-50)**

13. Plaintiffs hereby re-allege and incorporate by reference herein paragraphs 1 through 12 of this Complaint.

14. Plaintiffs bring their federal claims under the federal statute, 42 U.S.C. § 1983, which provides that any person or persons who, under color of law, deprives another of any rights, privileges, or immunities secured by the Constitution or laws of the United States shall be liable to the injured party.

15. SFPD OFFICERS demonstrated use of excessive force when they threw KLIMENT on the ground and approximately eight officers assisting with "hog-tying" him face down, and then conducting an unreasonable, highly dangerous compressive prone restraint. CMBC medical records note that officers restricted KLIMENTS's airway, causing cardiac arrest. At no time did KLIMENT pose any significant threat to the public or the defendants.

16. Defendants had time and the opportunity to deliberate in determining their use of force, but nevertheless chose to apply deadly compressive force. Defendants used force by compressing Decedent's back and chest while he was in a prone position, in violation of reasonable police training. Further, all police officers are trained that applying compressive force against a

detainee's back when they are in a prone position can kill them. Defendants either recklessly disregarded the danger posed by their use of compressive prone restraint against KLIMENT, or intentionally asphyxiated him. Defendants knew KLIMENT was already suffering a medical emergency. Further, KLIMENT had committed either no crime or a very minor crime, and was not a significant danger to anyone.

17. As a result, defendants are liable under section 1983.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth

## SECOND CAUSE OF ACTION
### (14th Amendment Substantive Due Process- Right to Familial Relationship)
### (Against CCSF and DOES 1-50)

18. Plaintiffs reallege and incorporate by reference herein paragraphs 1 through 17 of this Complaint.

19. Defendants, acting under color of law, and without due process of law deprived Plaintiffs of their right to a familial relationship with KLIMENT by use of unreasonable, unjustified deadly force and violence, causing injuries which resulted in Decedent's death, all without provocation, in violation of the Fourteenth Amendment to the United States Constitution. Defendants acted with an intent to harm Decedent unrelated to legitimate law enforcement purposes in killing Decedent.

20. As a proximate result of defendants' conduct, Plaintiffs suffered damages as hereinafter set forth.

WHEREFORE, Plaintiffs pray for relief as hereinafter set forth.

## JURY DEMAND

PLAINTIFFS hereby demand a jury trial in this action.

**PRAYER**

WHEREFORE, PLAINTIFFS pray for relief, as follows:

1. For general damages in a sum according to proof;

2. For special damages in a sum according to proof;

3. For punitive damages in a sum according to proof;

4. For reasonable attorney's fees pursuant to 42 U.S.C. Section 1988;

5. For cost of suit herein incurred; and

6. For such other and further relief as the Court deems just and proper.

**LAW OFFICES OF JOHN L. BURRIS**

Dated: October 12, 2020

/s/ *John L. Burris*
John L. Burris, Esq.
Ben Nisenbaum, Esq.
James Cook, Esq.
Attorneys for Plaintiffs
MICHAEL KLIMENT and LINDA KLIMENT