DENNIS J. HERRERA, State Bar #139669
City Attorney
MEREDITH B. OSBORN, State Bar #250467
Chief Trial Deputy
CHRISTOPHER B. WHITMAN, State Bar #223636
Deputy City Attorney
Fox Plaza
1390 Market Street, Sixth Floor
San Francisco, California 94102-5408
Telephone:     (415) 554-4240
Facsimile:     (415) 554-3837
Email:         chris.whitman@sfcityatty.org

Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| MICHAEL KLIMENT as co-successor-in-interest for Decedent, CHRISTOPHER PAUL KLIMENT; LINDA KLIMENT as co-successor-in-interest for Decedent, CHRISTOPHER PAUL KLIMENT,<br><br>   Plaintiffs,<br><br>   vs.<br><br>CITY AND COUNTY OF SAN FRANCISCO, a municipal corporation; and DOES 1-50, inclusive, individually, jointly and severally,<br><br>   Defendants. | Case No. 4:20-cv-03257-YGR<br><br>**DEFENDANT CITY AND COUNTY OF SAN FRANCISCO'S ANSWER TO PLAINTIFFS' FIRST AMENDED COMPLAINT**<br><br>Trial Date:  Not Set |
|---|---|

Defendant CITY AND COUNTY OF SAN FRANCISCO (the "City" or "Defendant") hereby answers Plaintiffs Michael Kliment and Linda Kliment's ("Plaintiffs") First Amended Complaint ("FAC"), filed October 12, 2020 (Doc. No. 18).  Unless specifically admitted below, all allegations in the FAC are denied.

///

///

## INTRODUCTION

1. Answering paragraph 1 of Plaintiffs' FAC, Defendant neither admits nor denies the allegations of legal matters, which are not proper for admission or denial. Defendant denies that its employees or police officers committed "violations" or "torts." Defendant lacks sufficient information on which to form a belief as to the truth or falsity of the allegations regarding unidentified police officers, and on that basis, denies each and every allegation.

## JURISDICTION AND VENUE

2. Answering paragraph 2 of Plaintiffs' FAC, Defendant neither admits nor denies the allegations of legal matters, which are not proper for admission or denial. Defendant denies that its employees or police officers committed "unlawful acts and practices." Defendant admits that the alleged incident occurred in the district for this Court.

## PARTIES

3. Answering paragraph 3 of Plaintiffs' FAC, Defendant lacks information and belief as to the truth of the factual allegations in this paragraph, and on that basis denies the allegations.

4. Answering paragraph 4 of Plaintiffs' FAC, Defendant lacks information and belief as to the truth of the factual allegations in this paragraph, and on that basis denies the allegations.

5. Answering paragraph 5 of Plaintiffs' FAC, Defendant lacks information and belief as to the truth of the factual allegations in this paragraph, and on that basis denies the allegations.

6. Answering paragraph 6 of Plaintiffs' FAC, Defendant neither admits nor denies the allegations of legal matters, which are not proper for admission or denial. To the extent a response is required, Defendant admits that it is a public entity and is authorized and exists under the laws of the State of California, and that it employed the unidentified police officers involved in the subject incident. Except as specifically admitted, Defendant denies generally and specifically the remaining allegations in this paragraph.

7. Answering paragraph 7 of Plaintiffs' FAC, Defendant neither admits nor denies the allegations of legal matters, which are not proper for admission or denial. Defendant denies that Plaintiffs sustained any "injuries and damages."

///

**FACTUAL ALLEGATIONS**

8.  Answering paragraph 8 of Plaintiffs' FAC, Defendant admits that the incident occurred on January 5, 2019 at CPMC's Mission Bernal Campus (hereafter, the "hospital"), located at 3555 Cesar Chavez in San Francisco. Except as specifically so admitted, Defendant lacks information and belief as to the truth of the remaining factual allegations in this paragraph, and on that basis denies those allegations.

9.  Answering paragraph 9 of Plaintiffs' FAC, Defendant admits that on the date of the incident, Christopher Paul Kliment (hereafter, "Mr. Kliment") was intoxicated because of methamphetamine and marijuana use and was admitted to the hospital for evaluation by medical staff. Except as specifically so admitted, Defendant lacks information and belief as to the truth of the remaining factual allegations in this paragraph, and on that basis denies those allegations.

10.  Answering paragraph 10 of Plaintiffs' FAC, Defendant admits that after evaluating Mr. Kliment, medical staff at the hospital discharged him. Defendant also admits that Mr. Kliment refused to leave the hospital, that two SFPD officers spoke to Mr. Kliment at the hospital, that Mr. Kliment attacked the officers, that the officers attempted to place Mr. Kliment in handcuffs, that Mr. Kliment resisted arrest, that the officers brought Mr. Kliment to the floor and applied control holds, that the officers handcuffed Mr. Kliment, that the officers held Mr. Kliment to the floor in a prone position because he resisted arrest and attempted to attack the officers, that additional police officers arrived at the hospital to assist in removing Mr. Kliment from the hospital, that the officers applied a leg restraint to Mr. Kliment to prevent him from injuring himself and others, that the officers carried Mr. Kliment out of the emergency area of the hospital, that eventually Mr. Kliment stopped resisting and was moving less, that the officers checked Mr. Kliment's pulse a number of times, that one of the officers failed to detect a pulse for Mr. Kliment and began administering CPR to Mr. Kliment, that the officers asked hospital staff to provide medical care for Mr. Kliment, and that hospital staff provided medical treatment to Mr. Kliment. Defendant denies that any control hold used by any police officer on Mr. Kliment was unreasonable or interfered with his ability to breath, and denies that asphyxiation was the cause of Mr. Kliment's cardiac arrest. Except as specifically so admitted, Defendant lacks information

///

and belief as to the truth of the remaining factual allegations in this paragraph, and on that basis denies those allegations.

11. Answering paragraph 11 of Plaintiffs' FAC, Defendant admits that Mr. Kliment died at approximately 7:19 p.m. on January 7, 2019. Except as specifically so admitted, Defendant lacks information and belief as to the truth of the remaining factual allegations in this paragraph, and on that basis denies those allegations.

12. Answering paragraph 12 of Plaintiffs' FAC, Defendant admits that the officer who initially spoke with Mr. Kliment suspected that Mr. Kliment was intoxicated. Defendant also admits that the San Francisco Medical Examiner conducted an autopsy of Mr. Kliment and created a report for the autopsy, and that the autopsy report stated that the "manner of death" was "accident" and the "method of death" was "drug-related." Defendant also admits that the autopsy report stated that after Mr. Kliment used methamphetamine and marijuana, and while he was in the custody of SFPD police officers, he stopped breathing which lead to a heart attack. Defendant also admits that the "cause of death" stated in the autopsy report was "cardiopulmonary complications of methamphetamine and cannabinoid intoxication with law enforcement restraint," and "other conditions" included "clinical history of . . . polysubstance use." Defendant denies that any police officers knew that Mr. Kliment was having a "methamphetamine-related medical emergency," that Mr. Kliment "was not resisting in any way," that a "high level use of force" was used, and that Mr. Kliment was "at a higher risk of death during prone restraint." Except as specifically so admitted, Defendant lacks information and belief as to the truth of the remaining factual allegations in this paragraph, and on that basis denies those allegations.

**FIRST CAUSE OF ACTION**
**(42 U.S.C. section 1983)**
**(Excessive Force)**
**(Against CCSF and DOES 1-50)**

13. Answering paragraph 13 of Plaintiffs' FAC, Defendant neither admits nor denies the allegations as to legal matters, which are not proper for admission or denial.

14. Answering paragraph 14 of Plaintiffs' FAC, Defendant neither admits nor denies the allegations as to legal matters, which are not proper for admission or denial.

///

15. Answering paragraph 15 of Plaintiffs' FAC, Defendant denies all of the allegations, including that Mr. Kliment never posed any threat to the police officers, that any police officer violated Mr. Kliment's or Plaintiffs' rights, and that any control hold used by any police officer on Mr. Kliment was unreasonable or interfered with his ability to breathe. Defendant lacks information and belief as to the truth of the remaining factual allegations in this paragraph, and on that basis denies those allegations.

16. Answering paragraph 16 of Plaintiffs' FAC, Defendant denies all of the allegations, including that any police officer knew that Mr. Kliment was "suffering a medical emergency," that Mr. Kliment never posed any danger to the police officers, that Mr. Kliment did not commit any crime, that any control hold used by any police officer on Mr. Kliment was unreasonable or interfered with his ability to breathe, that any police officer violated their training, and that any officer "intentionally asphyxiated" Mr. Kliment.

17. Answering paragraph 17 of Plaintiffs' FAC, Defendant neither admits nor denies the allegations as to legal matters, which are not proper for admission or denial.

## SECOND CAUSE OF ACTION
### (14th Amendment Substantive Due Process – Right to Familial Relationship)
### (Against CCSF and DOES 1-50)

18. Answering paragraph 18 of Plaintiffs' FAC, Defendant neither admits nor denies the allegations as to legal matters, which are not proper for admission or denial.

19. Answering paragraph 19 of Plaintiffs' FAC, Defendant denies all of the allegations, including that any police officer violated Mr. Kliment's or Plaintiffs' rights, that any control hold used by any police officer on Mr. Kliment was unreasonable or interfered with his ability to breathe, that any officers caused Mr. Kliment's death, that the force used on Mr. Kliment by the officers was "all without provocation," that any officers acted "with an intent to harm" Mr. Kliment," and that any officer lacked "legitimate law enforcement purposes" during the incident.

20. Answering paragraph 20 of Plaintiffs' FAC, Defendant neither admits nor denies the allegations as to legal matters, which are not proper for admission or denial.

///

///

## JURY DEMAND

Answering the penultimate paragraph of Plaintiffs' FAC, Defendant neither admits nor denies the statement because it is a legal matter not proper for admission or denial. Defendant demands a jury trial.

## PRAYER

Answering the final paragraph of Plaintiffs' FAC, Defendant denies that Plaintiffs are entitled to any relief. Defendant lacks sufficient information on which to form a belief as to the truth or falsity of the allegations regarding the injuries allegedly sustained by Plaintiffs, and on that basis, deny each and every allegation of injury.

## DEFENDANT'S AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim Under 42 § U.S.C. 1983)

Defendant asserts that Plaintiffs have failed to allege facts in the FAC sufficient to state a claim for relief under 42 U.S.C. section 1983 against the City and County of San Francisco, its agents, employees, or its police officers.

### SECOND AFFIRMATIVE DEFENSE

(Assumption of the Risk)

Defendant asserts that Christopher Paul Kliment (hereafter, the "decedent") had full knowledge of the risks involved in the activities in which he was engaged at the time of the incident set forth in the FAC herein; that the decedent voluntarily assumed all the risks incident to the activities engaged in at the time and place mentioned in the FAC; and that the loss or damage, if any, sustained by the him or by Plaintiffs was caused by said risks that were accepted and voluntarily assumed by him.

### THIRD AFFIRMATIVE DEFENSE

(Decedent's Conduct Reckless and Wanton)

Defendant asserts that at all times mentioned in the FAC herein, the decedent acted in a careless, reckless, wanton and negligent manner in and about the matters set forth in the FAC; that such careless, reckless, wanton and negligent conduct proximately contributed to the injuries and

damages, if any, sustained or claimed by him and/or Plaintiffs, and that as a consequence, Plaintiffs' claims are barred.

## FOURTH AFFIRMATIVE DEFENSE

(Privileged and Justified Conduct)

Defendant's conduct at all times material herein was privileged and/or justified under applicable state and federal law.

## FIFTH AFFIRMATIVE DEFENSE

(Privilege – Self Defense)

Defendant asserts that if any force was used by its employees against the decedent herein, the use of force was the lawful exercise of the right of self-defense and defense of the public and privileged by law, and any recovery pursuant to the use of force is barred.

## SIXTH AFFIRMATIVE DEFENSE

(Arrest)

Defendant asserts that if any force was used to effect the arrest of the decedent herein by any employee of Defendant, such force was authorized and privileged pursuant to sections 835 and 835a of the California Penal Code, and as a proximate result thereof Plaintiffs are barred from any recovery herein for any alleged injury or damage.

## SEVENTH AFFIRMATIVE DEFENSE

(Resisting Arrest)

Defendant asserts that the decedent was under a duty pursuant to section 834a of the California Penal Code to refrain from using force to resist his arrest; that the decedent breached his duty even though he knew, or by the exercise of reasonable care should have known, that he was being arrested by a peace officer; that as a direct and proximate result of the decedent's breach of this duty, he is barred from recovery for any loss or damage he may have incurred.

## EIGHTH AFFIRMATIVE DEFENSE

(Decedent Assaulted Police)

Defendant asserts that at all times mentioned in Plaintiffs' FAC herein, the decedent willfully, wantonly, maliciously, and unlawfully committed a violent assault on the persons of the arresting

officers; that it became and was necessary to use force on the person of the decedent to defend the arresting officers from his violent assault on their persons; that the injuries, if any, and damages, if any, incurred by the decedent were proximately caused by the necessary use of reasonable force on the person of the decedent and not otherwise; and that by reason of the decedent instituting a violent assault on the persons of the arresting officers, the decedent's failure and refusal to desist from continuing the assault, and the consequent necessity to use reasonable force to defend the arresting officers from the assault, Plaintiffs' claims, if any, are barred by law.

### NINTH AFFIRMATIVE DEFENSE
(Justified and Necessary Use of Force)

Defendant asserts that no more force was used on the decedent's person than was necessary to effect detention, overcome any resistance thereto, prevent escape therefrom, and prevent injury to the officers and the public and to facilitate and safeguard a valid arrest.

### TENTH AFFIRMATIVE DEFENSE
(Qualified Immunity)

Defendant and its employees are immune from suit under the doctrine of qualified immunity.

### ELEVENTH AFFIRMATIVE DEFENSE
(Good Faith)

Defendant asserts that its employees, officials and agents were at all times material hereto acting with both subjective and objective good faith, such that any claim for relief that Plaintiffs may have is barred by law.

### TWELFTH AFFIRMATIVE DEFENSE
(Defendant's Acts Not a Proximate Cause)

Defendant states that any act or omission on the part of the answering Defendant, its agents or employees, was not the proximate cause of any injury to the decedent or Plaintiffs.

### THIRTEENTH AFFIRMATIVE DEFENSE
(Denial of Damages)

Defendant denies that the decedent or Plaintiffs have been damaged in any sum or sums, or otherwise, or at all, by reason of any act or omission of Defendant.

**FOURTEENTH AFFIRMATIVE DEFENSE**

(Statute of Limitations)

Defendant asserts that the FAC, and each and every claim set forth therein, is barred by the applicable statute of limitations.

**FIFTEENTH AFFIRMATIVE DEFENSE**

(Estoppel)

By reason of the decedent's and/or Plaintiffs' own acts and omissions, Plaintiffs are estopped from seeking any recovery from Defendant by reason of the allegations set forth in the FAC.

**SIXTEENTH AFFIRMATIVE DEFENSE**

(Failure to Exhaust Remedies)

Plaintiffs have failed to exhaust their administrative or contractual remedies.

**SEVENTEENTH AFFIRMATIVE DEFENSE**

(Failure to Mitigate Damages)

The FAC and each and every claim for relief therein are barred because the decedent and/or Plaintiffs failed to mitigate damages.

**EIGHTEENTH AFFIRMATIVE DEFENSE**

(Comparative Negligence)

Defendant asserts by way of a plea of comparative negligence that the decedent was negligent in and about the matters and activities alleged in the FAC; that the decedent's negligence contributed to and was a proximate cause of his and/or Plaintiffs' alleged injuries and damages, if any, or was the sole cause thereof; and that if Plaintiffs are entitled to recover damages against Defendant by virtue of the FAC, Defendant prays that the recovery be diminished or extinguished by reason of the negligence of the decedent in proportion to the degree of fault attributable to the decedent.

**NINETEENTH AFFIRMATIVE DEFENSE**

(Claim and Issue Preclusion)

The FAC and each claim for relief therein are barred by the doctrines of *res judicata* and collateral estoppel.

///

**TWENTIETH AFFIRMATIVE DEFENSE**

(No Punitive Damages)

Defendant asserts that it is not liable for punitive damages because neither it, nor its employees, acted maliciously, fraudulently, or with an intent to harm the decedent and/or Plaintiffs or to deprive them of any legally protected right.

**TWENTY-FIRST AFFIRMATIVE DEFENSE**

(Immunity:  Exemplary Damages)

Defendant City and County of San Francisco alleges that it, as a public entity, is immune from liability for exemplary damages herein pursuant to section 818 of the California Government Code.

**ADDITIONAL AFFIRMATIVE DEFENSES**

Defendant presently has insufficient knowledge or information on which to form a belief as to whether it may have additional, as yet unstated, defenses available.  Defendant reserves the right to assert additional defenses in the event that discovery indicates that they would be appropriate.

WHEREFORE, Defendant prays for judgment as follows:

1. That Plaintiffs take nothing from Defendant;

2. That the First Amended Complaint be dismissed with prejudice;

3. That Defendant recovers costs of suit herein, including attorneys' fees; and

4. For such other relief as is just and proper.

DATE: October 26, 2020

DENNIS J. HERRERA
City Attorney
MEREDITH B. OSBORN
Chief Trial Deputy
CHRISTOPHER B. WHITMAN
Deputy City Attorney

By: ___*/s/ Christopher B. Whitman*___
CHRISTOPHER B. WHITMAN
Attorneys for Defendant
CITY AND COUNTY OF SAN FRANCISCO